# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed:  April 28, 2017)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | UNPUBLISHED |
| NICOLE MULLER, on behalf of, A.M., | * | |
| a Minor Child, | * | |
| | * | Case No. 14-801V |
| Petitioner, | * | |
| v. | * | |
| | * | Chief Special Master Dorsey |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Motion to Dismiss; Guillain-Barre |
| | * | Syndrome; FluMist. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

Franklin John Caldwell, Jr., Maglio, Christopher & Toale, Sarasota, Florida, for petitioner.
Adriana Ruth Teitel, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION DISMISSING PETITION[1]

On September 2, 2014, Nicole Muller ("petitioner") filed a petition under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (2012) ("Vaccine Act"),[2] on behalf of her minor child, A.M., alleging that A.M. suffered from Guillain-Barre Syndrome as the result of the FluMist vaccinations she received on November 1, 2011, and December 28, 2011.[3]  Petition at 1.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,  42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision  to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Petitioner's petition states that A.M. received two influenza vaccinations, the first on November 1, 2011, and the second on December 28, 2011.  Petition at 1.  The undersigned issued a fact ruling on February 27, 2017, finding that A.M. received only one FluMist vaccination on

A fact hearing was held on November 17, 2016, in Camden, New Jersey, to determine the date on which A.M. received the FluMist vaccination.  In a decision issued on February 27, 2017, the undersigned determined that A.M. received one FluMist vaccination on November 1, 2011.  Findings of Fact and Conclusions of Law dated Feb. 27, 2017 (ECF No. 68).

The undersigned held a status conference with the parties on April 4, 2017, to discuss how to proceed with the case.  During the status conference, the undersigned noted that the onset of A.M.'s GBS was outside of the window of vaccine causation.  Order dated April 4, 2017 (ECF No. 71).  The undersigned allowed petitioner 30 days to determine how she wanted to proceed with her case.  Id.

On April 27, 2017, petitioner filed a motion to dismiss her petition.  Motion to Dismiss dated April 27, 2017 (ECF No. 72).  Petitioner stated that "an investigation of the facts and science supporting her case has demonstrated … that she will be unable to prove that she is entitled to compensation."  Id. at 1.  She thereby requested that her petition be dismissed.  Id.

To receive compensation under the Program, petitioner must prove either: 1) that A.M. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to a vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that A.M. suffered a "Table Injury," nor does petitioner allege that she suffered a "Table Injury."  Further, the record does not contain any persuasive evidence indicating that A.M.'s injury was caused by the FluMist vaccination she received on November 1, 2011.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioner has not offered an expert opinion in support of her case, and her motion stated that she is otherwise unable to prove that she is entitled to compensation in the Vaccine Program.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that A.M. suffered a "Table Injury" or that her injuries were caused-in-fact by the FluMist vaccination.

Therefore, this case is dismissed for insufficient proof.  In the absence of a motion for review,[4] the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with this decision.

---

November 1, 2011.  Findings of Fact and Conclusions of Law dated Feb. 27, 2017 (ECF No. 68).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>s/Nora B. Dorsey</u>
Nora B. Dorsey
Chief Special Master